Diana G. MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

Hector C. MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 50239 and 50240.

Court of Criminal Appeals of Texas.

Feb. 11, 1976.

Rehearing Denied March 10, 1976.

Warren Weir, San Antonio, for appellants.

Ted Butler, Dist. Atty. and Michael Schill, Donald A. Roush, Jr., and Alan E. Battaglia, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a joint trial before a jury on separate indictments, appellants Diana G. Martinez and Hector C. Martinez were convicted of possession of a usable quantity of more than four ounces of marihuana. Punishment of appellant Diana G. Martinez was assessed by the court at five years, probated. The court assessed the punishment of appellant Hector C. Martinez at seven years' confinement.

Appellant Diana G. Martinez raises the contention that the evidence is insufficient to establish that she knowingly possessed the marihuana.

The record reflects at about 9:15 a. m. on September 15, 1973, Officer George Wilson and three other officers executed a search warrant at the home of appellants Hector and Diana G. Martinez, husband and wife, at 3011 Hatton Street in San Antonio. Upon being permitted entrance by a small child, the officers found appellants in bed together, apparently asleep, in the bedroom. In plain view on a table next to the side of the bed occupied by Diana Martinez, they found a glass jar containing a small amount of marihuana. In the kitchen next to the bedroom, the officers found a bag containing nine "bricks" of marihuana, the total weight of which was approximately nine pounds. A metal box containing marihuana, hashish, cigarette papers, a cigarette roller and a knife was on the kitchen table. A utility bill dated September 5, 1973 for gas and light furnished the premises at 3011 Hatton Street made out to Hector Martinez was found in the house. There is no evidence that anyone other than the appellants Hector and Diana G. Martinez lived in the house. The only others in the house when the search was made were two young children under 6 years of age.

 Possession of narcotics need not be exclusive, and evidence that the accused jointly possessed the narcotic with another is sufficient. Williams v. State, Tex.Cr. App., 524 S.W.2d 705; Curtis v. State, Tex. Cr.App., 519 S.W.2d 883; Villegas v. State, Tex.Cr.App., 509 S.W.2d 314; Simpson v. State, Tex.Cr.App., 486 S.W.2d 807. The evidence must affirmatively link the accused to the contraband in such a manner that the accused knew of its existence and whereabouts. Williams v. State, supra; Hineline v. State, Tex.Cr.App., 502 S.W.2d 703; Adair v. State, Tex.Cr.App., 482 S.W.2d 247.

 The jury was charged on the law of circumstantial evidence. When construed in the light most favorable to the verdict, we conclude that the evidence is sufficient to link appellant Diana G. Martinez to the marihuana found in the house occupied by her and her husband as their residence. Villegas v. State, supra; Williams v. State, supra.

Appellant Hector Martinez does not challenge the sufficiency of the evidence to support his conviction.

Both appellants contend that "it was error to admit evidence that a third party possessed marihuana seeds when defendant is not shown to be the party of said offense."

Specifically, appellants complain of the introduction of evidence from Officer Wilson that while the search was being conducted, two other individuals drove to the premises, stopped their car in front of the house and came to the door. Their car was searched, and a few marihuana seeds were found on its floor. These individuals were then placed under arrest. The objection that this evidence was immaterial and had no connection with what was found in the house was overruled.

The admission of this testimony was proper as a part of the circumstances surrounding the search and the arrest of appellants. See *Cherry v. State,* Tex.Cr.App., 479 S.W.2d 924; *Wright v. State,* 168 Tex. Cr.R. 645, 330 S.W.2d 620; *Campbell v. State,* Tex.Cr.App., 521 S.W.2d 636; *Holcomb v. State,* Tex.Cr.App., 484 S.W.2d 938.

Appellants next contend that the court erred in overruling their motion to suppress evidence of the results of the search since the officers did not execute the warrant *immediately* after it was issued, but waited until the next day. They base their contention on Article 18.14, V.A.C. C.P., as it read at the time of this search, which was as follows:

"Any peace officer to whom a search warrant is delivered shall execute it without delay and forthwith return it to the proper magistrate. It must be executed within three days from the time of its issuance, and shall be executed within a shorter time if so directed in the warrant by the magistrate."[1]

The record reflects that the officers, immediately after receiving the warrant, went to the neighborhood of the described premises and learned that appellant Hector Martinez was not at home. They went back several times that afternoon, but each time they found that appellant Hector Martinez was not there. At 3:00 p. m., these officers went off duty, so they postponed the search until the next morning.

Appellant argues that because the printed portion of the warrant directed the officers "to enter immediately and search the above described premises" the delay of one day invalidated the search since it was not made within the shorter time directed in the warrant by the magistrate.

In addition to the provisions of Article 18.14, supra, Article 18.15, V.A.C.C.P., provided that "The time allowed for the execution of a search warrant shall be three whole days, exclusive of the day of its issuance and of the day of its execution."

We conclude that the delay of one day in the execution of the search warrant was reasonable, and that the warrant was executed within the time provided in the instrument, and within the three days provided in the above statutes. *Hilson v. State,* Tex.Cr.App., 475 S.W.2d 788.

The judgments are affirmed.

Opinion approved by the Court.

---

1. Now Article 18.06(a), V.A.C.C.P., effective January 1, 1974.