Shelba BRADY, Appellant,

v.

STATE of Texas, State.

No. 2-88-085-CR.

Court of Appeals of Texas,
Fort Worth.

June 8, 1989.

N.R. (Steve) Stevenson, Granbury, for appellant.

Richard Hattox, Dist. Atty., Granbury, for the State.

Before WEAVER, C.J., and JOE SPURLOCK II and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, Shelba Brady, was convicted by a jury of possession of marijuana over four ounces. TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 4.051 (Vernon Supp.1989). The jury assessed punishment at two years in the Texas Department of Corrections and a $1500 fine sentence and fine probated for three years. Appellant has perfected this appeal.

We reverse.

On July 21, 1987, Lt. Larry Carter of the Hood County Sheriff's Department executed a search warrant at the home of Dempsey and Shelba Brady. Lt. Carter found drug paraphernalia and .71 ounces of marijuana under the bed in the Bradys' bedroom. Lt. Carter also found 2.15 pounds of marijuana growing in a greenhouse behind the house. Dempsey and Shelba Brady were both charged with possession of marijuana. Dempsey admitted the marijuana was his and pled guilty to the charge of possession. Dempsey testified as follows. His wife never smoked marijuana and she did not approve of his use or possession of marijuana. His wife did not assist in growing the marijuana and on one previous occasion she destroyed marijuana plants he was growing in their back yard. He tried to hide the marijuana from his wife, and she did not know he was growing it in the greenhouse. Appellant testified and denied knowledge or control of the marijuana; she said she did not approve of her husband's use of marijuana. The defense called five other witnesses who testified appellant did not use marijuana.

In her second point of error, appellant contends the evidence is insufficient to support the verdict. Appellant did not request the trial court to instruct the jury on the law of circumstantial evidence.

*Armstrong v. State*, 542 S.W.2d 119, 121–22 (Tex.Crim.App.1976) (error to refuse instruction on law of circumstantial evidence when no witness saw defendant exercise control over contraband). Nonetheless, in reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State*, 672 S.W.2d 801, 803 (Tex. Crim.App.1984) (en banc); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App. 1984) (en banc) (opinion on reh'g); *Wilson v. State*, 654 S.W.2d 465, 471–72 (Tex.Crim. App.1983) (en banc) (opinion on reh'g). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). However, a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App. 1984) (en banc); *Jackson*, 672 S.W.2d at 803.

When the defendant is charged with unlawful possession of a controlled substance the State must meet two evidentiary requirements: first, the State must prove the defendant exercised care, control, and management over the substance; and second, the State must prove the defendant knew what he possessed was contraband. *Humason v. State*, 728 S.W.2d 363, 364 (Tex.Crim.App.1987) (en banc) (opinion on reh'g). Possession does not need to be exclusive, but "possession" means more than being where the drug is found; "it involves the exercise of dominion and control over the thing actually possessed." *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App.1985) (en banc); *Dubry v. State*, 582 S.W.2d 841, 843 (Tex.Crim.App. [Panel Op.] 1979). A defendant may be

found to be in joint possession of a controlled substance if the State shows she was acting together with another person to possess the drug. *McGoldrick,* 682 S.W.2d at 578; *Hausman v. State,* 480 S.W.2d 721, 723 (Tex.Crim.App.1972); *Romero v. State,* 474 S.W.2d 717, 718 (Tex.Crim.App.1971).

■ The jury could have chosen to disbelieve all testimony indicating appellant did not approve of or aid in possession of the marijuana, but the State must still introduce some evidence she exercised dominion and control over the contraband. The State introduced circumstantial evidence appellant knew about the presence of marijuana in the house. For example, drug paraphernalia was in plain view in the Bradys' bedroom. However, the State did not introduce a scintilla of circumstantial or direct evidence that appellant participated in growing or smoking marijuana or in any way exercised dominion or control over the contraband. The State's brief is not completely clear, but the State seems to contend circumstantial evidence appellant knew about the marijuana is circumstantial evidence she controlled the marijuana. We do not agree. Knowledge of the existence of something does not necessarily constitute control of it. Evidence that drug paraphernalia in the Bradys' bedroom was in plain view is circumstantial evidence appellant knew about the marijuana, but it is no evidence she controlled it.

In *Dubry v. State,* 582 S.W.2d 841 (Tex.Cr.App.1979), it was held that although evidence strongly suggested that defendants knew that marihuana was at the airport where it was unloaded from an airplane, evidence was insufficient to affirmatively link defendants to marihuana to such an extent that it could be inferred that they exercised care, control or management over the marihuana and was therefore insufficient to support their convictions.

*McGoldrick,* 682 S.W.2d at 579–80; *see also Hausman,* 480 S.W.2d at 724. The State cites *McGuill v. State,* 704 S.W.2d 46 (Tex.App.—Corpus Christi 1985, pet. ref'd) to support conviction of possession based on circumstantial evidence. In *McGuill,*

the court did not distinguish between circumstantial evidence of knowledge and circumstantial evidence of control, but there was circumstantial evidence the defendant smoked the marijuana, thereby exercising control over the contraband. *Id.* at 50.

The State did not introduce any evidence of conduct by appellant by which she exercised control over the marijuana. TEX.PENAL CODE ANN. sec. 7.01 (Vernon 1974). The trial court instructed the jury appellant could be criminally responsible for the conduct of another if, acting with intent to promote or assist in the commission of the offense, she solicited, encouraged, aided, or attempted to aid another to commit the offense. *Id.* at sec. 7.02(a)(2). However, the State did not introduce a shred of evidence indicating appellant aided or encouraged her husband in possession of marijuana. *Sewell v. State,* 578 S.W.2d 131, 137 (Tex.Crim.App. [Panel Op.] 1979).

In effect, the State is asking us to infer appellant exercised control over the drug if she knew about it. However, there is no direct evidence appellant knew about the marijuana seized on July 21. Appellant admitted she knew her husband smoked marijuana, but the State did not introduce any direct evidence appellant knew about the .71 ounces of marijuana in the house or the 2.15 pounds growing in the greenhouse. The circumstantial evidence was sufficient for the jury to infer appellant knew of the marijuana seized on July 21. The jury could not infer appellant knew about the marijuana and then infer she controlled it because an inference may not be founded on another inference. *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.,* 435 S.W.2d 854, 858 (Tex.1968). The jury may draw multiple inferences in the same case if separate inferences are inferred from separate facts. *Travelers Ins. Co. v. Warrick,* 172 F.2d 516, 519 (5th Cir.1949). In this case, the inference that appellant controlled the marijuana is not separate, but must be founded on the inference that she knew about the drug.

Even if the State had introduced direct evidence that appellant knew about the marijuana, the evidence is still insufficient

to allow the jury to infer she controlled the contraband. "It seems safe to say that no member of legal terms has been more variously defined or loosely used than the term 'presumption.'" 1 R. RAY, TEXAS LAW OF EVIDENCE, CIVIL AND CRIMINAL sec. 50 at 69 (Texas Practice 3d ed. 1980); *see also* Comment, *Presumptions in Texas: A Study in Irrational Jury Control,* 52 TEXAS L.REV. 1329 (1974). The term "inference" is subject to the same imprecision. The terms "inference" and "presumption" are often used interchangeably, but the terms have different meanings. *Page v. Lockley,* 176 S.W.2d 991, 998 (Tex. Civ.App.—Eastland), *rev'd on other grounds,* 142 Tex. 594, 180 S.W.2d 616 (1944). The Court of Criminal Appeals has held that:

> Stated simply, a true presumption is a rule of law laid down by the courts which attaches to facts certain procedural consequences, such as the shift in the burden of evidence production: when fact A is established, the factfinder *must* find fact B, unless the opponent introduces evidence from which the factfinder could reasonably find that B did not exist. Distantly related is the term "permissible inference" which is a deduction from the facts which the factfinder *may* draw from the circumstances of the case without the aid of any rule of law, but is not obligated to do so.

*Hardesty v. State,* 656 S.W.2d 73, 76 (Tex. Crim.App.1983) (en banc) (citations omitted); *but see* R. RAY, *supra* at page 94 (statutory presumption is permissive because jury is not required to presume element of offense; citing *Easdon v. State,* 552 S.W.2d 153, 155 (Tex.Crim.App.1977)).

Although not cited by the State, some cases of the Court of Criminal Appeals could be interpreted to support the proposition that a defendant may be inferred to exercise control over contraband if the defendant has control over the premises where the contraband is found. *E.g. Hausman,* 480 S.W.2d at 724. In *Hausman,* the court held the evidence was insufficient to show the defendant exercised control over marijuana when the defendant was one of seven men around a campfire and a bag of marijuana was found on the ground one foot from where the defendant was sleeping. *Id.* at 723. The court explained this situation was "[u]nlike the cases where the accused is the owner of the car or dwelling where the narcotic is discovered, [because the defendant] did not have dominion and control of the place where the marihuana was found." *Id.* at 724. "[W]hen an accused is not in *exclusive* possession of the *place* where the contraband is found, it cannot be concluded the accused had knowledge of or control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband." *Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim. App.1986) (en banc) (opinion on reh'g); *Herrera v. State,* 561 S.W.2d 175, 179 (Tex. Crim.App.1978) (en banc); *Woods v. State,* 533 S.W.2d 16, 18 (Tex.Crim.App.1976). In *Martinez v. State,* 539 S.W.2d 885, 886 (Tex.Crim.App.1976), marijuana was found in the house occupied by the accused and her husband as their residence. *Id.* The court held the evidence was sufficient to "affirmatively link the accused to the contraband in such a manner that the accused knew of its existence and whereabouts." *Id.* The court did not discuss whether the evidence showed the accused exercised control over the contraband, but by implication, *Martinez* could be interpreted to hold that the jury could have inferred both knowledge and control.

If the jury may be allowed to infer appellant exercised control over contraband found in the marital residence, such an inference is analogous to the inference of guilt in a burglary trial based upon a defendant's recent and unexplained possession of stolen property. *Hardesty,* 656 S.W.2d at 77. In *Hardesty,* the court explained that guilt based on recent and unexplained possession of stolen property is a "permissible inference" as opposed to a "presumption." *Id.* at 76. To support this distinction, the court cited *Turner v. United States,* 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). In *Turner,* the Supreme Court held it was permissible to infer the defendant knew heroin was un-

lawfully imported based upon his unexplained possession of heroin. *Id.* at 402, 417, 90 S.Ct. at 645, 653. Both inferences are founded on the defendant's *unexplained* possession of stolen property or drugs. "Where a defendant's explanation is reasonable and is sufficient to rebut the circumstance of possession of property recently stolen, the evidence is insufficient to sustain the conviction if it fails to show that the explanation was false." *Huff v. State*, 492 S.W.2d 532, 533 (Tex.Crim.App. 1973); *see generally* 19 TEX.JUR.3D *Criminal Law* secs. 724–35 (1982). Appellant should have the same opportunity to explain the drugs found in the marital residence. Appellant explained she did not aid her husband in acquiring the marijuana and did not approve of his use or possession of marijuana. This explanation is reasonable. "The State neither refuted nor proved the falsity of such explanation." *Huff,* 492 S.W.2d at 533.

In fact, the State's theory of the case is based on the idea that the jury could find appellant guilty even if they believed she did not exercise control over the marijuana. In closing argument at trial, the State indicated the jury could find appellant guilty if she was aware of the marijuana long enough "to get rid of it." In effect, the State is contending appellant could be found guilty because she failed to get rid of her husband's marijuana. Appellant did not have a legal duty to prevent her husband's possession. TEX.PENAL CODE ANN. sec. 7.02(a)(3) (Vernon 1974); *Caldarera v. State*, 122 Tex.Crim. 46, 50, 53 S.W.2d 485, 487 (1932) (wife was not accomplice merely because she concealed her knowledge of husband's liquor manufacturing). The evidence was insufficient to support appellant's conviction.

Appellant's second point of error is sustained. Appellant's first point of error is not necessary to our disposition of this appeal. TEX.R.APP.P. 90(a).

We reverse the judgment of the trial court. Because the conviction must be reversed for insufficiency of the evidence to support the finding of guilty, the cause is remanded to the trial court with an order to enter a judgment of acquittal. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).