Gustafson v. State 






NO. 10-89-115-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          DANIEL MATT GUSTAFSON,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

From 337TH Judicial District Court
Harris County, Texas
Trial Court #504185

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          A jury convicted Appellant of possession of a controlled substance and the court assessed
his punishment at five years in prison, probated for five years. See Tex. Health & Safety Code
Ann. § 481.115 (Vernon 1991). In three points, he complains that the evidence is insufficient to
sustain his conviction and that the court erred in allowing the State to impeach a witness. We
overrule all points and affirm the judgment. 
          Officer Miller, who arrested Appellant, testified he stopped the vehicle Appellant was
driving because a computer check on the license plate number of the car revealed an outstanding
city traffic warrant. Tricia Main, Appellant's girl friend, was riding in the car as a passenger. 
After Miller stopped the car and spoke with Appellant and Main, he verified the warrant, leaving
them in the car approximately five to ten minutes. Appellant was wearing "swimming trunks or
shorts and a T-shirt or tank top or cut-off shirt." When Miller returned to the car, he conducted
a "pat down" search of Appellant, which produced nothing, and then arrested Appellant for
driving the car without an operator's license and for having an expired inspection sticker on the
car. After the arrest, Miller placed Appellant, unhandcuffed, directly behind the driver's seat in
the back of his patrol car. Appellant, Miller and Main then waited approximately thirty minutes
for Sergeant Parham, a supervisor, to arrive at the scene. While they were waiting, Miller sat in
the front seat of the patrol car in such a way that he could occasionally see and speak to Appellant
through the plexiglass cage separating the front and back seats. Miller did, however, leave the
patrol car for about five minutes to speak to Main. After Parham arrived, Appellant, who was
"cooperative and polite," was removed from the patrol car for handcuffing and then placed back
in the patrol car. Upon reaching the police station, Miller noticed for the first time that
Appellant's shorts were open in the "crotch area." When Miller told Appellant that, if he had
placed "anything" in the backseat of the patrol car he would be arrested for it, Appellant reacted
nervously. During his search of the patrol car, Miller did, in fact, discover a bag of cocaine
stuffed up under the top portion of the seat directly behind where Appellant had been sitting. On
the day Appellant was arrested, Miller had searched the patrol car three times. He searched the
car, first, when he took possession of it at approximately 3:00 p.m. He searched it again after he
had removed a shoplifter--the only other person who had ridden in the car that day--and discovered
nothing. The third search, conducted after Appellant was arrested, revealed the cocaine. 
          Appellant alleges in his first two points that the State failed to prove beyond a reasonable
doubt that he possessed the cocaine, i.e., that he exercised care, custody, control or management
over the cocaine or that he had knowledge of it. See Brady v. State, 771 S.W.2d 734, 735 (Tex.
App.--Fort Worth 1989, no pet.). In considering a sufficiency-of-the-evidence question, we must
view the evidence in the light most favorable to the conviction to determine whether any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Humason v. State, 728 S.W.2d 363, 366 (Tex. Crim. App. 1987). Additionally, when reviewing
circumstantial evidence, we cannot sustain the conviction unless the circumstances of the case
exclude every reasonable hypothesis except the defendant's guilt. Id. In the prosecution of a
defendant for unlawful possession of a controlled substance, the state must prove: (1) the
defendant exercised care, control, and management over the substance; and (2) the defendant knew
that what he possessed was contraband. Brady, 771 S.W.2d at 735. The state does not have to
prove the defendant had exclusive possession, but it must show more than his presence in the
vicinity of the substance. Id.; Humason, 728 S.W.2d at 365. The state must accomplish this by
providing "affirmative links" connecting the defendant with the substance. Humason, 728 S.W.2d
at 365.
          Does the evidence link Appellant to the cocaine found? Appellant offers the hypothesis that
some other person put the cocaine in the backseat of the patrol car during the "approximately
seven hours between the second and third search." We do not believe that this is a reasonable
hypothesis. The cocaine was found directly behind where Appellant had been sitting in the patrol
car. No one besides Appellant had ridden in the patrol car since Miller had searched the car after
he had arrested the shoplifter and found nothing. These facts, combined with Appellant's shorts
being open when he arrived at the police station and the nervous expression he exhibited when
Miller confronted him about leaving something in the backseat of the patrol car, present only one
reasonable hypothesis: the cocaine belonged to Appellant. Viewing the evidence in the light most
favorable to the jury's verdict, a rational trier of fact could have found beyond a reasonable doubt
that Appellant exercised care, control and management over the cocaine and that he knew that
what he possessed was contraband. See Humason, 728 S.W.2d at 366. We overrule Appellant's
first two points. 
          Appellant contends in his third point that the court erred in allowing the State to impeach
Tricia Main's credibility as a fact witness. On cross-examination, when the prosecutor asked
whether Main wanted to see Appellant get in trouble, she responded, "He doesn't need -- no, he
doesn't do anything wrong." At this point, the State was allowed, over objection, to use
Appellant's prior criminal trespass conviction to impeach Main. Assuming this was error, we hold
that, beyond a reasonable doubt, it made no contribution to Appellant's conviction or punishment. 
See Tex. R. App. P. 81(b)(2); Rutledge v. State, 749 S.W.2d 50, 53 (Tex. Crim. App. 1988)
(holding that, "when a witness simply testifies to his personal knowledge of the defendant's
character, such a witness cannot be impeached with `have you heard' questions.").      The Court
of Criminal Appeals has discussed the standard for determining when an error is harmless. Harris
v. State, 790 S.W.2d 568, 584-88 (Tex. Crim. App. 1989). We are not to focus on the
"untainted" evidence; rather, we are to calculate as much as possible the probable impact of the
error on the jury in light of the existence of the other evidence. See id. at 587.            The State
did not emphasize the criminal trespass conviction. It was merely used to discredit Main's
testimony. Because criminal trespass is not a drug-related crime, and because Main also testified
that she believed the criminal trespass occurred "several years ago," undoubtedly, the jury would
not have considered the criminal trespass conviction as evidence of Appellant's guilt. We also
recognize, as a factor in our analysis, that the admissible evidence against Appellant is sufficient
to sustain the conviction, as can be seen in our discussion of the foregoing points. The mentioning
of the criminal trespass conviction could not have disrupted the jurors' orderly evaluation of the
evidence, and a rational trier of fact would not have reached a different result if it had not
occurred. See id. at 588. Therefore, the probable impact of the alleged error on the jury was
minimal at best. See id. We overrule Appellant's third point and affirm the judgment. 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed April 25, 1991
Do not publish