**Affirmed and Opinion Filed May 13, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00076-CR

**JAMES LOYD BANKSTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court At Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 31508CC**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

Appellant James Loyd Bankston appeals his conviction for possession with intent to deliver methamphetamine, raising three issues. We conclude that (1) appellant failed to preserve his argument that the arresting officers conducted an unconstitutional search, (2) the evidence was sufficient to support appellant's conviction, and (3) the trial court did not err by refusing to submit certain lesser included offenses to the jury. Accordingly, we affirm.

## I.  BACKGROUND

The State charged appellant with the crime of intentionally or knowingly possessing with intent to deliver methamphetamine in an amount of at least four but less than two hundred grams. Several weeks before trial, appellant filed a motion to suppress, arguing that his arrest and the seizure of any evidence were undertaken in violation of his constitutional and statutory rights.

The trial court conducted a pretrial hearing and denied the motion. A jury convicted appellant and assessed punishment at forty-five years' imprisonment. The trial judge signed a judgment consistent with the jury's verdict, and appellant appealed.

## II. ANALYSIS

### A. Did appellant preserve his first issue in the trial court?

Appellant was arrested after a traffic stop of a vehicle in which he was a passenger. In his first issue, appellant argues that the deputy sheriff's warrantless search of the vehicle violated appellant's Fourth Amendment rights.

The State argues that appellant did not preserve error. We agree. Although appellant's written motion to suppress was quite broad, during the suppression hearing his attorney orally limited the scope of the motion to the validity of the traffic stop itself. He did not contest the propriety of the warrantless search after the stop. At trial, after the State rested, appellant asked the trial court to reconsider its ruling on the motion to suppress, but he presented no additional argument in support of the motion. On appeal, appellant makes no complaint about the stop. He argues only that the warrantless search was not a proper search incident to arrest or incident to impoundment of the vehicle. Because his issue on appeal does not comport with his objection in the trial court, the issue is not preserved for review. *See Crouse v. State*, 441 S.W.3d 508, 516 (Tex. App.—Dallas 2014, no pet.); *see also* TEX. R. APP. P. 33.1(a).

We reject appellant's first issue for lack of preservation.

### B. Was the evidence sufficient to support appellant's conviction?

In his second issue, appellant argues that the evidence is insufficient to support his conviction.

#### 1. Applicable law

When we review a complaint about the sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict and determine whether the jury was rationally

justified in finding guilt beyond a reasonable doubt. *Bell v. State*, 326 S.W.3d 716, 720 (Tex. App.—Dallas 2010, pet. dism'd, untimely filed). We defer to the jury's determinations of the witnesses' credibility and the weight to be given their testimony because the jury is the sole judge of these matters. *Id*.

The elements of the offense are that appellant knowingly possessed with intent to deliver a controlled substance listed in Penalty Group I—in this case, methamphetamine—in an amount of at least four grams but less than two hundred grams. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102, 481.112 (West 2010).

To prove unlawful possession, the State must prove that the accused exercised control, management, or care over the substance and knew the substance was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Mere presence at a location where drugs are found, without more, is insufficient to establish possession. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). If the accused is not in exclusive control of the place where the substance is found, the element of possession requires additional facts and circumstances beyond mere presence to link the accused to the contraband. *Poindexter*, 153 S.W.3d at 406. Cases have recognized many such factors, such as (1) presence when a search is conducted, (2) whether the contraband is in plain view, (3) proximity to and the accessibility of the contraband, (4) whether the accused is under the influence of narcotics when arrested, (5) possession of other contraband when arrested, (6) incriminating statements by the accused when arrested, (7) an attempt to flee, (8) furtive gestures, (9) an odor of contraband, (10) the presence of other contraband or drug paraphernalia, (11) whether the accused owned or had the right to possess the place where the drugs were found, (12) whether the place where the drugs were found is enclosed, (13) possession of a large amount of cash, (14) conduct by the accused showing a consciousness of guilt, (15) the quantity of the contraband, and (16) the accused's presence in a suspicious area

under suspicious circumstances. *Davis v. State*, No. 05-14-00378-CR, 2015 WL 1542211, at *3 (Tex. App.—Dallas Apr. 2, 2015, no pet. h.) (mem. op., not designated for publication). The number of factors present is less important than the logical force they create to prove that the crime was committed. *Id.*

The State does not have to prove that the accused had exclusive possession of the contraband; joint possession is sufficient. *Willis v. State*, No. 05-10-00649-CR, 2011 WL 3194600, at *2 (Tex. App.—Dallas July 26, 2011, no pet.) (mem. op., not designated for publication).

The jury was also charged that appellant could be guilty as a party to the offense if his companion, Shaila Shirley, committed the offense and appellant, with intent to promote or assist in the commission of the offense, solicited, encouraged, directed, aided, or attempted to aid Shirley in the commission of the offense. *See* TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011) .

### 2.    Evidence at trial

The State's principal witness at trial was Keith Wheeler, a Kaufman County deputy sheriff. Deputy Wheeler testified that he was on patrol duty on October 16, 2012. He was sitting in his patrol car at a half-built gas station on Highway 80 where he could watch for speeders and also watch a known drug house. The house was known to law enforcement as a drug house because many people leaving the house were subsequently arrested for possession for methamphetamine. At about 2:45 p.m., Wheeler saw a Dodge pick-up truck leave the drug house. He followed the pick-up in order to see if the driver would commit a traffic violation to justify a stop. He saw the truck turn right without signaling. Shortly thereafter he turned on his emergency lights and stopped the truck. He could see the occupants of the truck moving around, perhaps "putting things somewhere." Wheeler testified that he eventually identified the driver of the truck as a woman named Shaila Shirley. Appellant was the passenger.

–4–

Wheeler got out of his patrol car, approached the truck, and asked Shirley for her drivers' license and proof of insurance. She told him the truck belonged to appellant. She could not produce proof of current insurance, and Wheeler told her and appellant that they could be cited and the vehicle could be towed. Shirley and appellant eventually got out of the truck, and Wheeler "conducted an inventory [search] of the vehicle." On the driver's side floor, he found a syringe that appeared to have blood on or in it. He found some black pouches that contained some scales, some small spoons, and some empty plastic bags "underneath the seats, in between the seats" where they would have been accessible to both the driver and the passenger. Another deputy, Deputy Spoon, searched the back seat of the truck and found a small packet of a light crystal substance inside a pair of men's pants in a black duffel bag. Appellant said that the duffel bag was his. Wheeler told Shirley and appellant that they were being arrested for possessing the drug paraphernalia and the drugs found in the clothing.

Upon hearing that she was being arrested, Shirley told Wheeler that she had some methamphetamine hidden in her pants. She produced five baggies of a crystal-like substance and thirteen pills of prescription medication. Wheeler also found around $1,900 in currency inside a cell-phone box in Shirley's purse.

A video of the traffic stop and subsequent events was also introduced into evidence. From the video, it appears that appellant removed his shirt and threw it behind the seat after Wheeler turned on his emergency lights. Wheeler testified that this was odd and suggested that appellant was hiding something or perhaps was getting ready to run or fight. The video shows that Wheeler asked appellant whether there was anything illegal in the truck that he needed to know about, and that appellant responded, "If there is it ain't mine." Wheeler asked appellant when he had last done drugs, and appellant told him it had been that morning. Later, Wheeler asked appellant where he shot up, and appellant indicated a place on his arm. This was

–5–

consistent with the presence of the syringe in the truck. Wheeler testified that drug dealers often require a buyer to use some of the drugs in their presence to prove that the buyer is not an undercover informant. He also testified that the amount of methamphetamine found was consistent with an intent to deliver, not with personal use.

Wheeler also testified about the significance of the fact that Shirley had five of the six baggies of methamphetamine hidden on her person. He testified that it is a common practice for male drug dealers to find a woman to drive a vehicle containing drugs. They do this because male law-enforcement officers are not allowed to search women as thoroughly. Accordingly, male drug dealers will hide the drugs on the woman's person because it is less likely the drugs will be found in the event of a police stop.

Another witness testified that the substance that was seized was methamphetamine in the aggregate amount of 15.95 grams. The six baggies containing the drug were not weighed separately. A third witness testified that scales are commonly used by drug dealers when they sell drugs.

### 3.    Analysis of the evidence

Appellant argues that (1) there is no evidence that he possessed the methamphetamine in question,[1] and (2) there is no evidence that he encouraged, directed, aided, or attempted to aid Shirley in committing the offense. We reject appellant's first contention and need not address the second.

Because appellant was not in exclusive control of the place where the drugs were found, we analyze the surrounding facts and circumstances to determine whether they sufficiently link him to the drugs.

---

[1] Appellant does not in this issue attack the sufficiency of the evidence to prove intent to distribute.

The evidence is sufficient to support the conclusion that appellant possessed—that is, exercised control, management, or care over—all the drugs discovered to have been in the pick-up truck. The evidence supports several relevant factors. Appellant was present when the search was conducted, and he was in close proximity to all of the drugs in the pick-up truck. Wheeler testified that he could see appellant and Shirley moving around inside the truck, perhaps "putting things somewhere." Drug paraphernalia was present inside the truck. Appellant was the owner or a co-owner of the truck where the drugs were found, and the cab of the truck was an enclosed space. Moreover, one of the six baggies of drugs was found in a duffel bag full of men's clothing that appellant claimed to own. Appellant was also present in a suspicious area under suspicious circumstances—he had just left a house that was known to law enforcement as a place where drug deals occur. He also made incriminating statements. He admitted that he had used drugs that very morning. And when Wheeler asked appellant if there was anything illegal in the truck, appellant did not say no; he said, "If there is it ain't mine."

Also, the State adduced evidence that men who are involved in the drug trade sometimes have female conspirators hide drugs on their person because male law enforcement officers cannot search female suspects as easily and thoroughly as they can male suspects. This evidence is consistent with the fact that five of the six baggies of drugs were found to be concealed on Shirley's person.

Based on the totality of the circumstances, the jury could reasonably find that appellant possessed all the drugs that were in the cab of the pick-up truck at the time of the traffic stop, including those that were found on Shirley's person. *Cf. Brady v. State*, 771 S.W.2d 734, 735–36 (Tex. App.—Fort Worth 1989, no pet.) ("A defendant may be found to be in joint possession of a controlled substance if the State shows she was acting together with another person to possess the drug."). Accordingly, we conclude that the evidence was sufficient to support the

element that appellant knew about and personally possessed the 15.95 grams of methamphetamine discovered during this investigation.

We overrule appellant's second issue.

## C. Did the trial court err by refusing to submit lesser included offenses to the jury?

In his third issue, appellant argues that the trial court erred by failing to submit three lesser included offenses to the jury: simple possession of at least four but less than 200 grams of methamphetamine, possession with intent to deliver less than one gram of methamphetamine, and simple possession of less than one gram of methamphetamine. Appellant submitted each requested jury charge in writing, and the trial court denied those requests. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007).

We review a complaint of charge error by first determining whether the charge was erroneous. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If there was error, and appellant objected at trial, we reverse if the error was calculated to injure the appellant's rights—a "some harm" standard. *Id*.

The State does not dispute that the three offenses identified by appellant are lesser included offenses in this case. Thus, the question presented is whether there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he or she is guilty only of the lesser included offense. *See Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011). There must be affirmative evidence that both raises the lesser included offense and rebuts or negates an element of the greater offense. *Wortham v. State*, 412 S.W.3d 552, 558 (Tex. Crim. App. 2013).

In the circumstances of this case, we inquire whether there is any affirmative evidence that appellant did not have the intent to deliver the methamphetamine, or that appellant possessed less than one gram of methamphetamine. We conclude there is not.

As to intent to deliver, appellant relies on Wheeler's testimony that five baggies containing methamphetamine were on Shirley's person and only one was found in another location, inside a duffel bag that appellant claimed to own. But appellant does not explain how this evidence negates or rebuts the element of intent to distribute. We see no logical connection between the location of the drugs within the pick-up truck and the likelihood that appellant intended to deliver the drugs to another. Accordingly, we reject appellant's argument.

As to the quantity of drugs, appellant relies on the testimony that the drugs found in the six baggies were weighed only in the aggregate, not individually, yielding a total weight of almost sixteen grams. Appellant argues that the jury could rationally have concluded that appellant possessed only less than one gram of methamphetamine. But there was no affirmative evidence that appellant possessed less than all of the drugs in the truck. Moreover, even assuming there was some affirmative evidence that appellant possessed only the single baggie in the duffel bag and not the five baggies on Shirley's person, there was no evidence as to the specific amount of methamphetamine found in the duffel bag. Thus, there is no affirmative evidence tending to show that appellant possessed only an amount of methamphetamine weighing less than one gram.

For these reasons, we conclude that the trial court did not err. We reject appellant's third issue.

### III. DISPOSITION

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
140076F.U05

/Bill Whitehill/
_____
BILL WHITEHILL
JUSTICE

–9–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JAMES LOYD BANKSTON, Appellant

No. 05-14-00076-CR　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court At Law No. 1, Kaufman County, Texas
Trial Court Cause No. 31508CC.
Opinion delivered by Justice Whitehill.
Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 13, 2015.