**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

05/15/15

**DORIAN E. RAMIREZ, CLERK**
BY cholloway

ACCEPTED
13-14-00441-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/15/2015 3:54:58 PM
DORIAN RAMIREZ
CLERK

# No. 13-14-00441-CR

## IN THE COURT OF APPEALS
## FOR THE THIRTEENTH DISTRICT OF TEXAS
## AT CORPUS CHRISTI – EDINBURG, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/15/2015 3:54:58 PM
DORIAN E. RAMIREZ
Clerk

### RENE FRANCISCO AGUILERA,
**Appellant**

v.

### STATE OF TEXAS
**Appellee**

On Appeal from the 206th District Court
of Hidalgo County, Texas
Cause No. CR-1836-00-D(1)

## APPELLANT'S REPLY BRIEF

**Carlos Moctezuma Garcia**
**Texas Bar No. 24065265**
**Email: cgarcia@garciagarcialaw.com**
**Garcia & Garcia**
**Attorneys at Law, P.L.L.C.**
**4905-A N. McColl**
**McAllen, TX 78504**
**Tel: (956) 630-3889**
**Fax: (956) 630-3899**
*Attorney for Appellant*

## ORAL ARGUMENT REQUESTED

1

## LIST OF PARTIES

**Appellant**
Rene Francisco Aguilera

**Appellee**
The State of Texas

| **Appellant's Counsel at Trial** | **State's Attorney at Trial** |
|---|---|
| Carlos Moctezuma Garcia<br>SBOT: 24065265 | Mr. Rene Guerra<br>District Attorney<br>SBOT: 08578200 |
| Garcia & Garcia<br>Attorneys at Law, P.L.L.C.<br>4905-A N. McColl<br>McAllen, Texas 78504 | Mr. Michael Morris<br>Assistant District Attorney<br>SBOT: 24076880 |
| | Hidalgo County District Attorney<br>100 N. Closner, 3rd Floor<br>Edinburg, Texas 78539 |

| **Appellant's Attorney on Appeal** | **State's Attorney on Appeal** |
|---|---|
| Carlos Moctezuma Garcia<br>SBOT: 24065265 | Mr. Michael W. Morris<br>Assistant District Attorney<br>SBOT: 24076880 |
| Garcia & Garcia<br>Attorneys at Law, P.L.L.C.<br>4905-A N. McColl<br>McAllen, Texas 78504 | Office of Criminal District Attorney<br>Hidalgo County Courthouse<br>100 N. Closner<br>Edinburg, Texas 78539 |

# TABLE OF CONTENTS

LIST OF PARTIES....................................................................................... 2

TABLE OF CONTENTS ............................................................................ 3

TABLE OF AUTHORITIES ....................................................................... 4

ARGUMENT............................................................................................... 6

    I.    THE APPELLEE'S ARGUMENT THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IGNORES THE TRIAL COURT'S STATED REASONS FOR DENYING THE WRIT. ........................................ 6

        A.    Appellee's attempt to distinguish the applicable case law based on the procedures mandated by the Article 11.07 versus Article 11.072 of the Texas Code of Criminal Procedure are not material.................................... 6

        B.    Appellee's insistence that the Trial Court is entitled to rely on credibility ignores other evidence in the record that point to actual innocence. ........................................................................................ 7

    II.    APPELLEE'S ASSERTION THAT A RECANTATION IS NOT NEW EVIDENCE HAS NO LEGAL SUPPORT. ...................................... 10

    III.    APPELLEE'S INTERPRETATION OF *SCHLUP* IS NOT SUPPORTED BY THE APPLICABLE CASE LAW. .......................................... 12

    IV.    THE CREDIBILITY OF SUSAN MILLER'S TESTIMONY IS NOT DISPOSITIVE OF WHETHER APPLICANT RECEIVED HIS CONSTITUTIONAL RIGHT TO COMPETENT COUNSEL........................ 13

    V.    APPELLEE'S CLAIM THAT PETITIONER'S COUNSEL OF RECORD WAS NOT REQUIRED TO ADVISE HIM OF THE CONSEQUENCE OF HIS PLEA CANNOT SUPPORT THE GREAT WEIGHT OF CONTRARY AUTHORITY. .................................................................................... 14

    VI.    CONCLUSION AND PRAYER........................................................ 16

CERTIFICATE OF SERVICE ................................................................ 18

CERTIFICATE OF COMPLIANCE........................................................ 18

# TABLE OF AUTHORITIES

**Cases**

*Brady v. State*, 771 S.W.2d 734 (Tex. App. 1989) ...................................................... 11

*Damron v. State*, 570 S.W.2d. 933 (Tex.Crim.App. 1978) .................................... 11

*Drew v. State*, 743 S.W.2d 207 (Tex.Crim.App. 1987)...................................... 8, 10

*Ex Parte Franklin*, 72 S.W.3d 671 (Tex.Crim.App. 2002) .................................. 11

*Ex Parte Garcia*, 353 S.W.3d 785 (Tex.Crim.App. 2011) ................................... 7, 8

*Ex Parte Harrington*, 310 S.W.3d 452 (Tex.Crim.App. 2010) ....................... 13, 15

*Ex Parte Jessep*, 281 S.W.3d 675 (Tex.App. 2009) ............................................. 9

*Ex parte Martinez*, 330 S.W.3d 891 (Tex. Crim. App. 2011) ............................... 14

*Ex parte Nailor*, 149 S.W.3d 125 (Tex. Crim. App. 2004) .................................. 13

*Ex parte Navarijo*, 433 S.W.3d 558 (Tex.Crim.App. 2014) ............................... 6, 7

*Ex parte Reed*, 271 S.W.3d 698 (Tex.Crim.App. 2008)...................................... 6, 7

*Ex Parte Reedy,* 282 S.W.3d 492 (Tex.Crim.App. 2009) .................................... 15

*Ex Parte Sparks*, 206 S.W.3d 680 (Tex.Crim.App. 2006) ................................... 9

*Ex parte Spencer*, 337 S.W.3d 869 (Tex.Crim.App. 2011) ................................. 10

*Ex parte Tuley,* 109 S.W.3d 388 (Tex.Crim.App. 2002)...................................... 10

*Ex parte Welborn*, 785 S.W.2d 391 (Tex.Crim.App. 1990) ................................ 15

*Guzman v. State*, 955 S.W.2d 85 (Tex.Crim.App. 1997) .................................... 7, 8

*Herrera v. Collins*, 506 U.S. 390 (1993) .............................................................. 11

*McKittrick v. State*, 541 S.W.2d 117 (Tex.Crim.App. 1976) ............................... 7

*Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) ........... 11, 12

*Self v. State,* 709 S.W.2d 662 (Tex.Crim.App. 1986)................................................ 8

**Statutes**

Tex. Health & Safety Code § 481.121 ...................................................... 11

Texas Code of Criminal Procedure Article 11.07 ...................................................... 6

Texas Code of Criminal Procedure Article 11.072 ...................................................... 6

**Rules**

Texas Rule Appellate Procedure 38.3 ........................................................ 6

**TO THE HONORABLE COURT OF APPEALS:**

Appellant Rene Francisco Aguilera submits this reply to Appellee's brief pursuant to Tex. R. App. Proc. 38.3.

## ARGUMENT

**I.   THE APPELLEE'S ARGUMENT THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IGNORES THE TRIAL COURT'S STATED REASONS FOR DENYING THE WRIT.**

**A.   Appellee's attempt to distinguish the applicable case law based on the procedures mandated by the Article 11.07 versus Article 11.072 of the Texas Code of Criminal Procedure are not material.**

Appellee states without any citation or explanation, that Appellant cited cases that are inapplicable to the proceedings based on Art. 11.072 of the Texas Code of Criminal Procedure. Appellee Brief[1] ("AB") 2. Assuming that Appellee was referring to the cases Appellant cited regarding the standard of review of fact determinations, *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex.Crim.App. 2008) and *Ex parte Navarijo*, 433 S.W.3d 558, 567 (Tex.Crim.App. 2014), these allegations are without merit.

---

[1] For the purposes of citing to the record in this case, the following abbreviations are used. For citing to the official transcript: TR (Transcript Record).1 (volume of the record): 1 (page number). Thus TR.1: 1, references Volume 1, page 1 of the appeal record. For citations to the clerk's Record: CR (Clerk's Record) 1 (page number). Thus CR 1, references page 1 of the Clerk's Record.

While the distinction between cases arising under articles 11.07 and 11.072 of the Texas Code of Criminal Procedure explained in *Ex Parte Garcia*, 353 S.W.3d 785, 787-88 (Tex.Crim.App. 2011) and cited by Appellee is correct, Appellant's does not cite to *Ex parte Reed* or *Ex parte Navarijo* for the purposes stated by Appellee. Appellant relies on *Ex parte Reed* and *Ex parte Navarijo* for the proposition that a factual determination that is not supported by the record is not entitled to deference. This is not incongruous with the rule set forth in *Ex Parte Garcia*, or *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997), nor does it contradict the precedent of the Court of Criminal Appeals that permit an appellate court to review whether the facts are supported by the record. *See McKittrick v. State*, 541 S.W.2d 117 (Tex.Crim.App. 1976).

**B. Appellee's insistence that the Trial Court is entitled to rely on credibility ignores other evidence in the record that point to actual innocence.**

Appellee's main argument in defense of the Trial Court's decision denying Pettioner's writ is that it was premised on an unassailable credibility determination, namely that the Trial Court did not believe Petitioner and Lorena Martinez's recantation. AB 2-4. The Appellee argues that the Trial Court is the fact finder and is entitled to make credibility determinations that cannot be refuted upon review. *Id.* 3.

At no time, however, does the Appellee consider the stated basis for the Trial Court's credibility determination from the findings of fact and conclusions of law, which clearly state the Trial Court's factual bases and as well as the reasoning underlying her conclusions. The Trial Court made the following credibility findings:

- The Trial Court found that Appellant's testimony regarding his actual innocence was not credible, "in the face of the offense report submitted into evidence in the underlying case." CR 140.

- The Trial Court found that Appellant's testimony regarding whether Mr. Singleterry explained the contents of the plea bargain was not credible in light of Appellant's testimony at his plea hearing "which directly contradicts" his claim. CR 140.

- The Trial Court found that Ms. Martinez's testimony was not credible citing *Drew v. State*, 743 S.W.2d 207, 228 (Tex.Crim.App. 1987). CR 140.

According to the Appellee, under the standard set forth in *Guzman v. State* and adopted by *Ex Parte Garcia*, a reviewing court has no ability to disturb a Trial Court's factual finding. This is a misstatement of the applicable law. Neither precedent cited grants absolute deference to a Trial Court's holding. *Guzman* allows for deference when the credibility determination *is supported by the record*. *Guzman*, 955 S.W.2d at 89. Whether the underlying record supports a credibility

8

determination is a question for the reviewing court. *Self v. State*, 709 S.W.2d 662, 665 (Tex.Crim.App. 1986). Merely couching the findings of fact as a credibility determination does not excuse the requirement from *Guzman* that the record support the credibility determination.

Appellant argued in its brief to the Court that the Trial Court's finding on Appellant's credibility is not supported by the evidence in the record and is not entitled to deference. Appellant argues that the record does not support the Trial Court's credibility determinations *relying on the Trial Court's stated bases for its determinations*. This is not a request for a *de novo* finding of fact, but rather a request for legal review of the sufficiency of the evidence necessary to support a finding of fact. *See Ex Parte Jessep*, 281 S.W.3d 675, 679-80 (Tex.App. 2009)(finding that while challenges to legal sufficiency of evidence are generally not cognizable on an application for a writ of habeas corpus, an exception exists for a claim of actual innocence even when the applicant previously pleaded guilty and confessed, citing *Ex Parte Sparks*, 206 S.W.3d 680, 683 (Tex.Crim.App. 2006)).

Appellant is asking to court to evaluate the Trial Court's stated basis for its finding of fact, and determine whether this is sufficient to uphold its determination. Appellant alleges that it is not, because the Trial Court's reasoning is deeply flawed. The Trial Court says that because Appellant earlier confessed to a crime,

that his later recantation is invalid because of his original confession. Texas courts have rejected this reasoning. The Trial Court argues that Ms. Martinez is not credible because she cannot be convicted for recanting her earlier testimony undermining her later confession. Texas courts have adopted new standards for evaluating confessions that limit the holding of *Drew v. State*, 743 S.W.2d 207 (Tex.Crim.App. 1987). *See Ex parte Tuley,* 109 S.W.3d 388 (Tex.Crim.App. 2002); *Ex parte Spencer*, 337 S.W.3d 869 (Tex.Crim.App. 2011); *Ex parte Elizondo*, 947 S.W.2d 202 (Tex.Crim.App. 1996). Appellee ignores this precedent, and instead requests that the Court utilize the blanket of deference to a credibility determination to prevent meaningful review of a fact finding that contained no reasoning traditionally associated with credibility determinations, but relies simply upon blind adherence to *stare decisis* to the prior facts.

## II.  APPELLEE'S ASSERTION THAT A RECANTATION IS NOT NEW EVIDENCE HAS NO LEGAL SUPPORT.

Appellee argues that Appellant produced no new evidence in support of his claims of actual innocence, because there was no credible supporting evidence to his recanted confession. AB 5. Appellee's assertion ignores the new evidence provided by Appellant's recantation testimony, together with Ms. Martinez's acceptance of responsibility, which is new evidence that permits an evaluation of the evidence of the other evidence in the record in a new light.

Viewing the evidence that exists for conviction without a confession, as Appellant has urged, demonstrates that without Appellant's confession and Ms. Martinez's testimony implicating Appellant, the remaining evidence is insufficient to uphold a conviction.

In response, Appellee asserts that Appellant would somehow still been guilty of an offense under Tex. Health & Safety Code § 481.121, because "[a]ppellant would have had to [sic] been aware that he did not know of the marijuana in the bedroom." AB 5. That is a misstatement of the evidence necessary to sustain a conviction under § 481.121, which requires a Defendant to have "exercised care, control, and management" over the marijuana. *Brady v. State*, 771 S.W.2d 734, 735 (Tex. App. 1989). Appellant could not have been found to have exercised care, control, and management over marijuana that was stored in a separate room of a house that he did not own, nor did he enjoy exclusive possession. *Damron v. State*, 570 S.W.2d. 933, 934 (Tex.Crim.App. 1978). Appellee incorrectly asserts that without his confession, Appellant would have nevertheless been found guilty of an offense under § 481.121, which is not true upon review of the facts of this case.

## III. APPELLEE'S INTERPRETATION OF *SCHLUP* IS NOT SUPPORTED BY THE APPLICABLE CASE LAW.

Appellee insists that a *Schlup* claim can only be raised after a prior writ asserting an actual innocence claim under *Herrera v. Collins*, 506 U.S. 390 (1993) has been denied, citing *Ex Parte Elizondo*, 947 S.W.2d 202, 208 (Tex.Crim.App. 1996), and *Ex Parte Franklin*, 72 S.W.3d 671, 675 (Tex.Crim.App. 2002). AB 6; *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Neither *Ex Parte Elizondo* nor *Ex Parte Franklin* can be read for the proposition Appellee cites. Both of the cases cited distinguish *Herrera* from *Schlup* claims referring only to the types of actual innocence claims presented in the habeas petition. In a *Herrera* claim, new exculpatory evidence is presented that does not require proof of a constitutional violation at trial. *Ex Parte Elizondo*, 947 S.W.2d at 208; *Ex Parte Franklin*, 72 S.W.3d at 675-76. Neither case imposes a requirement that a *Schlup* claim be "procedurally barred", as Appellee claims. Assuming *arguendo* that *Schlup* claims must be otherwise barred, the "bar" at issue is the bar of direct appeal, not habeas. In this case, Appellant is barred from raising the 6th Amendment claims on direct appeal because he missed his deadline to appeal his original conviction. His only vehicle for presenting the otherwise barred 6th Amendment case is a habeas petition.

## IV. THE CREDIBILITY OF SUSAN MILLER'S TESTIMONY IS NOT DISPOSITIVE OF WHETHER APPLICANT RECEIVED HIS CONSTITUTIONAL RIGHT TO COMPETENT COUNSEL.

Appellee argues that the standard of review of mixed questions of fact and law accord great deference to legal conclusions based on credibility determination. AB 7. Appellee argues that Appellant's original trial counsel, Susan Miller offered credible testimony that Appellant had been admonished of the consequences of his plea in Spanish. AB 8; CR 139, 142. The mere fact that the Trial Court found this testimony credible does not limit this Court from determining whether that evidence, if true, is sufficient to support the Trial Court's finding that Ms. Miller complied with her Sixth Amendment duty to provide competent counsel. *Ex Parte Harrington*, 310 S.W.3d 452, 458-59 (Tex.Crim.App. 2010). Ineffective assistance of counsel claims are evaluated under the "totality of the representation" standard, requiring the reviewing court to "analyze all allegations of deficient performance, decide whether counsel's conduct was constitutionally deficient, and, if so, then consider whether those specific deficient acts or omissions, in their totality, prejudiced the defense." *Ex parte Nailor*, 149 S.W.3d 125, 130 (Tex. Crim. App. 2004).

Reviewing Ms. Miller's statements in the most favorable light does not support a claim that she provided competent counsel. Ms. Miller admits that she had no knowledge of Appellant's case, had no file on Appellant's case, was not

previously his attorney of record, could not communicate with Appellant because of a language barrier, and did not advise him of the consequences of his plea. If anything finding that Ms. Miller's statement is credible <u>supports a finding that her representation was insufficient and incompetent under the Sixth Amendment.</u>

Appellee's only reference to credible testimony in support of a finding that Ms. Miller's representation met the Sixth Amendment standards is her hearsay statement that "Mr. Singleterry had admonished Appellant of the consequences of his plea in Spanish." AB 8. Appellee does not address whether this is sufficient to meet the Sixth Amendment right to competent counsel, only that Ms. Miller's testimony was credible insofar as she believed that someone had previously provided him with competent counsel. Nevertheless, Appellee admits that "Ms. Miller's duty as Appellant's counsel was to insure that he was advised of the consequences of his plea." AB 8. In light of her own admission that she had no personal knowledge of whether this was actually done, her credible testimony is not dispositive of the Appellant's Sixth Amendment arguments.

**V.    APPELLEE'S CLAIM THAT PETITIONER'S COUNSEL OF RECORD WAS NOT REQUIRED TO ADVISE HIM OF THE CONSEQUENCE OF HIS PLEA CANNOT SUPPORT THE GREAT WEIGHT OF CONTRARY AUTHORITY.**

Appellee asserts that Ms. Miller had no duty to "personally advise [Appellant] of the consequences of his plea if another attorney representing

Appellant did in fact advise him of the consequences." AB 8. Appellee offers no authority to support this statement.

Appellant has already presented the Court with detailed analysis of how Ms. Miller's representation was deficient and in violation of the applicable Texas Disciplinary Rules of Professional Conduct. *See also*, *Ex parte Martinez*, 330 S.W.3d 891, 900 (Tex. Crim. App. 2011)(defining deficient representation as performance "that fell below an objective standard of reasonableness ... under prevailing professional norms" and according to the necessity of the case.)

Whether Ms. Miller believed that Appellant had been admonished does not excuse her from personally confirming with her client that he had been properly admonished and that he understood what he was about to present to the Trial Court. Ms. Miller cannot delegate that duty. As the Court of Criminal Appeals explained,

> [a] criminal-defense attorney '***must have a firm command of the facts of the case***' before he or she may render reasonably effective assistance of counsel. Counsel has a duty to provide advice to his client about what pleas to enter, and ***that advice should be informed by an adequate investigation of the facts of the case or be based on a reasonable decision that investigation was unnecessary***. When counsel's representation falls below this standard, it renders any resulting guilty plea involuntary.

*Ex Parte Harrington*, 310 S.W.3d at 458 (citing *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex.Crim.App. 1990) and *Ex Parte Reedy,* 282 S.W.3d 492, 500

15

(Tex.Crim.App. 2009))(emphasis added). Ms. Miller admitted that she did not know the facts of the case, and could not engage in any reasonable investigation because she could not communicate with her client.

If the Court accepts Appellee's justification of Ms. Miller's actions, it will erode the meaning of Sixth Amendment right to competent counsel. Criminal defense attorneys can always blame the last person to touch the file, or otherwise delegate their constitutional duty to another attorney. Lost in the resulting finger-pointing is the harm to the criminal defendant, who like Appellant in this case, neither has sufficient command of the English language, and as an immigrant, is unfamiliar with U.S. institutions and our constitution. Such as result is an unacceptable interpretation of a criminal defendant's constitutional rights and must be rejected by this Court.

## VI.  CONCLUSION AND PRAYER

Appellee requests that the Court uphold the Trial Court on the theory that all of the relevant factual findings and legal conclusions were entitled to great deference as credibility determinations. Additionally, Appellee erroneously states that Appellant would have been found guilty of the underlying offense even if he hadn't confessed guilt. Finally, Appellee asserts that criminal defense attorney can delegate her duty of investigation and knowledge of the facts of the case. Appellant urges the Court to reject these erroneous interpretations of applicable law and

16

evaluate whether Appellant received adequate counsel and can be found guilty of a crime where another person has accepted responsibility.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court vacate the trial court's judgment of guilt and grant him a new trial. In the alternative, Appellant prays that this Court vacate the trial court's judgment on his application for a writ of habeas corpus and remand his case for further proceedings, or for such relief to which he may be entitled.

Respectfully submitted,

**/s/ Carlos Moctezuma García**
Carlos Moctezuma García
SBOT: 24065265
Email: cgarcia@garciagarcialaw.com
García & García
Attorneys at Law, P.L.L.C.
4905-A N. McColl
McAllen, TX 78504
Tel: (956) 630-3889
Fax: (956) 630-3899

*Attorneys for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief was served on the Hidalgo County District Attorney by e-filing notification on April 9, 2015.

**/s/ Carlos M. García**
Carlos M. García

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the Texas Rule of Appellate Procedure 9.4. The computer-generated word count for this document is 2,550 words, including headers and footers.

**/s/ Carlos M. García**
Carlos M. García